UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ROBERT E. ROBERTSON, JR.,

                Plaintiff,

v.                                                    Case No. 24-cv-769-pp

CHRISTOPHER STEVENS, *et al.*,

                Defendants.

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2) AND SCREENING COMPLAINT UNDER 28 U.S.C. §1915A**

      Plaintiff Robert E. Robertson, Jr., who is incarcerated at Green Bay Correctional Institution and is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that the defendants had violated his constitutional rights. This decision resolves the plaintiff's motion for leave to proceed without prepaying the filing fee, dkt. no. 2, and screens his complaint, dkt. no. 1.

**I.    Motion for Leave to Proceed without Prepaying the Filing Fee (Dkt. No. 2)**

      The Prison Litigation Reform Act (PLRA) applies to this case because the plaintiff was incarcerated when he filed his complaint. See 28 U.S.C. §1915(h). The PLRA lets the court allow an incarcerated plaintiff to proceed with without prepaying the civil case filing fee. 28 U.S.C. §1915(a)(2). When funds exist, the plaintiff must pay an initial partial filing fee. 28 U.S.C. §1915(b)(1). He then must pay the balance of the $350 filing fee over time, through deductions from his prison trust account. Id.

On July 17, 2024, the court ordered the plaintiff to pay an initial partial filing fee of $4.37. Dkt. No. 7. The court received that fee on August 15, 2024. The court will grant the plaintiff's motion for leave to proceed without prepaying the filing fee and will require him to pay the remainder of the filing fee over time in the manner explained at the end of this order.

## II. Screening the Complaint

### A. Federal Screening Standard

Under the PLRA, the court must screen complaints brought by incarcerated persons seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the incarcerated person raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, "accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v.

Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter Cnty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes liberally complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B. The Plaintiff's Allegations

The complaint names as defendants Green Bay Warden Christopher Stevens, Assistant District Attorney Wendy Lemkuil and Kyle Grabowski. Dkt. No. 1 at 1–3. The plaintiff alleges that in October 2023, he invoked his right to a speedy trial under federal and state law in his state court criminal case. Id. at 3. He says he asked Grabowski "to file the paperwork for [his] intrastate detainer," and that Grabowski told him he had forwarded the paperwork for processing when he had not. Id. at 3–4. When the plaintiff brought this issue to Grabowski's attention, Grabowski told him "he did not forward and process [the plaintiff's] request because he forgot." Id. at 4.

The plaintiff alleges that he filed an administrative complaint about this incident. Id. He says Stevens "took part in violating [his] rights" when he affirmed the complaint and asked the plaintiff what remedy he was seeking. Id. The plaintiff provided his requested remedy, although he does not say what it is, but he alleges that "no remedy has been given to [him]." Id. The plaintiff says it was Stevens's duty as warden "to oversee [his] demand for prompt disposition." Id. He claims Stevens "was negligent in accomodating [*sic*] [his] demand and remedy." Id.

The plaintiff alleges that Lemkuil is the prosecutor in his state court criminal case. Id. He says she "took part in violating" his rights after he "wrote a pro se motion to the clerk of courts notifying Wendy Lemkuil that [his] rights were violated in [his] case." Id. He claims Lemkuil "was negligent against [his] claim" and did not attempt to correct "the error and violations that took place." Id. at 5.

The plaintiff seeks a court order directing Stevens "to write an affidavit about his involment [*sic*] in the incident and ordering him to give [the plaintiff] the remedy [he] asked for in [his] complaint." Id. at 6. He also asks the court to order Grabowski to write a similar affidavit "to provide the courts of his involvement in violating [the plantiff's] rights" and to order Lemkuil to notify the state judge in the plaintiff's state court criminal case "that [the plaintiff's] rights ha[ve] been violated . . . and that the only remedy is to dismiss [his] case with prejudice." Id. Finally, he seeks $500,000 in damages from each defendant. Id.

4

C.  Analysis

The complaint vaguely alleges that the defendants violated the plaintiff's rights under the Fifth, Sixth, Eighth and Fourteenth Amendments. But it does not allege sufficient facts to support a claim for relief under any of those amendments.

The plaintiff first says he invoked his right to a speedy trial in his state case, and that Grabowski did not process or forward paperwork related to an intrastate detainer because he forgot to do so. If this is correct, and Grabowski simply forgot to process or forward the plaintiff's paperwork, that suggests that he acted only negligently; negligence does not violate the Constitution. See Williams v. Ortiz, 937 F.3d 936, 942 (7th Cir. 2019); Ali v. Eckstein, Case No. 16-cv-1518, 2018 WL 1307958, at *4 (E.D. Wis. Mar. 13, 2018). (The plaintiff's request for a speedy trial appears on the docket in his state court criminal matter, which is ongoing. See State v. Robertson, Brown County case Number 2023CF1432, available at https://wcca.wicourts.gov/case.html.) It is not clear from the complaint what harm the plaintiff suffered, if any, from Grabowski's error in filing or processing the plaintiff's paperwork.

The plaintiff next claims that Stevens did not provide his requested remedy in response to his affirmed administrative complaint. But there is no inherent constitutional right to a prison grievance system. Antonelli v. Sheahan, 81 F.3d 1422, 1430 (7th Cir. 1996). The plaintiff does not state a claim regarding Stevens's alleged mishandling of his complaint by not providing him the relief he requested. See Owens v. Hinsley, 635 F.3d 950, 953 (7th Cir.

2011) (citations omitted). The plaintiff also does not say what relief he requested. The court cannot determine whether Stevens has the ability or authority to provide the plaintiff his requested relief or whether the plaintiff has been harmed by any delay in receiving it.

Finally, the plaintiff claims that Lemkuil failed to correct an unspecified error in his state court criminal case. He does not describe what this error was or what harm he suffered because of it. Although the court cannot be sure from the complaint's scant allegations, it appears that the plaintiff wants to sue Lemkuil for actions she took or failed to take related to his ongoing prosecution. But as the prosecutor in the plaintiff's criminal case, Lemkuil is absolutely immune from suit for her actions (or inaction) related to the plaintiff's prosecution that are "intimately associated with the judicial phase of the criminal process." Imbler v. Pachtman, 424 U.S. 409, 430–31 (1976); Davis v. Zirkelbach, 149 F.3d 614, 617 (7th Cir. 1998).

The plaintiff cannot seek relief against any defendant related to his ongoing state court criminal case. Under Younger v. Harris, 401 U.S. 37 (1971), "federal courts must abstain from taking jurisdiction over federal constitutional claims that may interfere with ongoing state proceedings." Gakuba v. O'Brien, 711 F.3d 751, 753 (7th Cir. 2013). As the court has said, the plaintiff's allegations are vague and do not make clear what he believes occurred that violated his rights. But the court cannot allow him to proceed on any claim seeking this court's involvement in his ongoing state court case. That includes his claim for relief seeking a court order directing the defendants to file

6

Case 2:24-cv-00769-PP    Filed 10/11/24    Page 6 of 11    Document 9

affidavits in his state court criminal case. Providing the plaintiff that relief would directly violate Younger and inappropriately inject this court into the plaintiff's pending state case.[1]

Also, it is not clear whether the plaintiff's claims are related. He alleges that Grabowski did not file paperwork related to a detainer in October 2023, and Stevens did not provide him relief related to an administrative complaint that the plaintiff filed about that incident. Those claims appear to be related. But the plaintiff also alleges that Lemkuil did not correct unspecified errors in his state court case. It is unclear whether those unspecified errors are related to the paperwork that Grabowski did not file. If they are not related, then the plaintiff cannot proceed in this lawsuit on both claims because they involve different defendants and different facts or events. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007); Fed. R. Civ. P. 18(a) and 20(a)(2). At this point, the court will not order these claims to be severed because it is unclear whether they are unrelated. But if the claim against Lemkuil is not related to the claim against Grabowski and Stevens, the plaintiff must bring that claim in a separate complaint, which will give rise to a second filing fee.

The complaint as alleged does not state a claim for relief. But it is possible that with additional detail, the plaintiff could state a claim against one or more defendants. The court will give the plaintiff an opportunity to amend

---

[1] A final pretrial hearing is scheduled in the plaintiff's state court criminal matter for October 14, 2024 and trial is scheduled for October 16 to 17, 2024.

his complaint to correct the deficiencies noted and better explain the claims in his complaint.

When writing his amended complaint, the plaintiff should provide the court with enough facts to answer the following questions: 1) Who violated his constitutional rights?; 2) What did each person do to violate his rights?; 3) Where did each person violate his rights?; and 4) When did each person violate his rights? The plaintiff's amended complaint does not need to be long or contain legal language or citations to statutes or cases, but it does need to provide the court and each defendant with notice of what each defendant allegedly did or did not do to violate his rights.

The court is enclosing a copy of its amended complaint form. The plaintiff must list the case number for this case on the first page. He must list all the defendants he wants to sue in the caption of the amended complaint. He should use the spaces on pages two and three to explain the key facts that give rise to the claims he wishes to bring, and to describe which defendants he believes committed the violations that relate to each claim. If there is not enough space on those pages, the plaintiff may use up to five additional sheets of paper, double-spaced so that the court can read them. The amended complaint takes the place of the prior complaint and must be complete by itself. The plaintiff may not refer the court back to his original complaint. He instead must repeat in the amended complaint any of the facts from the original complaint that he believes are necessary to his claims.

### III. Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

The court **CONCLUDES** that the plaintiff's complaint fails to state a claim. Dkt. No. 1.

The court **ORDERS** that the plaintiff may file an amended complaint that complies with the instructions in this order. If the plaintiff chooses to file an amended complaint, he must do so in time for the court to *receive it* by the end of the day on **November 15, 2024**. If the plaintiff files an amended complaint by the above deadline, the court will screen the amended complaint as required by 28 U.S.C. §1915A. If the plaintiff does not file an amended complaint by the end of the day on November 15, 2024, the court will dismiss this case based on the plaintiff's failure to state a claim in his original complaint and will issue him a strike as required by 28 U.S.C. §1915(g).

The court **ORDERS** that the agency that has custody of the plaintiff must collect from his institution trust account the **$345.63** balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The agency must clearly identify the payments by the case name and number. If the plaintiff transfers to another county, state or federal institution, the

9

Case 2:24-cv-00769-PP    Filed 10/11/24    Page 9 of 11    Document 9

transferring institution must forward a copy of this order, along with the plaintiff's remaining balance, to the receiving institution.

The court will send a copy of this order to the Warden at Green Bay Correctional Institution where the plaintiff is confined.

The court **ORDERS** that plaintiffs who are incarcerated at Prisoner E-Filing Program institutions[2] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs who are incarcerated at all other prison facilities must submit the original document for each filing to the court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the case.

The court advises the plaintiff that if he fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss the case based on his failure to diligently pursue it. The parties must notify the Clerk of Court of any change of address. The court advises the plaintiff that it is his responsibility to promptly notify the court if he is released from custody or transferred to a different institution. The plaintiff's failure to keep the court

---

[2] The Prisoner E-Filing Program is mandatory for all persons incarcerated at Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

advised of his address may result in the court dismissing this case without further notice.

Dated in Milwaukee, Wisconsin this 11th day of October, 2024.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**