ROBERT E. ROBERTSON, JR.,

                Plaintiff,

v.                                                        Case No. 24-cv-769-pp

CHRISTOPHER STEVENS, *et al.*,

                Defendants.

**ORDER SCREENING AMENDED COMPLAINT (DKT. NO. 10) UNDER 28 U.S.C. §1915A AND DISMISSING CASE**

On October 11, 2024, the court screened plaintiff Robert E. Robertson, Jr.'s *pro se* complaint under 42 U.S.C. §1983 and determined that it did not state a federal claim for relief and that it asserted unrelated claims against different defendants. Dkt. No. 9. The court dismissed the complaint but gave the plaintiff "an opportunity to amend his complaint to correct the deficiencies noted and better explain the claims in his complaint." Id. at 7–8. The court ordered the plaintiff to file his amended complaint by November 15, 2024. Id. at 9. On October 30, 2024, the court received the amended complaint. Dkt. No. 10. This decision screens that amended complaint.

**I.    Screening the Amended Complaint**

    **A.    Federal Screening Standard**

As the court explained in its October 11, 2024 order, the court must screen complaints brought by incarcerated persons seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C.

§1915A(a). The court must dismiss a complaint if the incarcerated person raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the amended complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, the amended complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The amended complaint must contain enough facts, "accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter Cnty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes liberally complaints filed by

plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B. The Plaintiff's Allegations

The amended complaint again names as defendants Green Bay Correctional Institution Warden Christopher Stevens and Kyle Grabowski. Dkt. No. 10 at 1. It does not rename Assistant District Attorney Wendy Lemkuil.

The plaintiff asserts that Grabowski denied him access to the courts and violated his rights under the First, Eighth and Fourteenth Amendments. Id. at 2. He reiterates that in October 2023 in his state court criminal case, he invoked his right to a speedy trial under federal and state law. Id. He says he "followed procedure of [Green Bay]" by contacting Grabowski and telling him that he "would like to file for a[n] intrastate detainer." Id. He says Grabowski told him that Grabowski had forwarded the paperwork for processing. Id. But when the plaintiff contacted Grabowski two months later to ask about the paperwork, Grabowski insisted that the plaintiff "never made a request or demand in October." Id. at 2–3. The plaintiff says that he disputed this and eventually submitted an institutional complaint against Grabowski about this incident. Id. at 3.

The plaintiff alleges that after he submitted his complaint, Grabowski came to his cell and demanded that the plaintiff show "proof of [his] request for prompt disposition/intrastate detainer." Id. The plaintiff says that he showed Grabowski his proof, and Grabowski told the plaintiff, "I don[']t know what

3

happened, [I] must have forgotten to fo[r]ward your request for processing." Id. The plaintiff claims that Grabowski "was negligent in doing his job" and deprived the plaintiff of his federal and state rights. Id. He says Grabowski's error weakened his defense and caused him severe emotional distress because he "was not able to get [his] case resolved in the statutory timeframe." Id. He also alleges without elaboration that his "inmate classification was effected [*sic*] by this." Id.

The plaintiff says that under state law, the warden oversees prompt dispositions requested by persons incarcerated in Wisconsin institutions. Id. He says that "it is sole[l]y the responsibility of the Warden to make sure the inmates [*sic*] demand for intrastate detainer gets properly processed." Id. The plaintiff alleges that in his institutional complaint, he "requested for a remedy of affidavits from the Warden and Kyle Grabowski" that he could show the judge in his state court case and request "dismissal of all charges." Id. He says the reviewing authority affirmed his complaint, but that he did not receive the affidavits he requested. Id. He asserts that Stevens and Grabowski continue to be negligent, which is worsening his emotional distress and which caused him to accept a plea offer from the state in his state court case. Id.

The plaintiff claims that the actions of Stevens and Grabowski violated his right to access the courts. Id. He says they violated his "right to file for a[n] intrastate detainer" and denied him equal protection of the laws. Id. He seeks monetary damages from both defendants and a court order "demanding

4

Affidavits to be made by each defendant in order to provide to the Judge awareness of the harmful error made by defendants." Id.

C. Analysis

As he did in the original complaint, the plaintiff alleges that Grabowski admitted that he made an error and forgot to forward or process the plaintiff's request for a prompt disposition in response to an intrastate detainer. As the court explained in its October 11, 2024 order, Grabowski's error constitutes only negligence, which "does not violate the Constitution." Dkt. No. 9 at 5 (citing Williams v. Ortiz, 937 F.3d 936, 942 (7th Cir. 2019); and Ali v. Eckstein, Case No. 16-cv-1518-jps, 2018 WL 1307958, at *4 (E.D. Wis. Mar. 13, 2018)).

The plaintiff also alleges that Grabowski's error violated state law regarding speedy trial and intrastate detainers. See Wis. Stat. §§971.10 (speedy trial), 971.11 (intrastate detainers). But the court explained in its October 11, 2024 order that the docket in the plaintiff's state court case showed that the state court received his request for a speedy trial on October 2, 2023. Dkt. No. 9 at 5; State v. Robertson, Brown County Case No. 2023CF1432, (available at https://wcca.wicourts.gov). Regardless, Grabowski's alleged violation of state law regarding intrastate detainers, on its own, does not state a federal claim. See Swarthout v. Cooke, 562 U.S. 216, 221–22 (2011); Wells v. Caudill, 967 F.3d 598, 602 (7th Cir. 2020) (citing cases).

The plaintiff newly alleges that Grabowski's error weakened his defense in his state court case and forced him to accept a plea offer instead of seeking dismissal of his charges. The court explained in the October 11, 2024 order

that the docket in the plaintiff's state court case showed that trial was scheduled for October 16 and 17, 2024. Dkt. No. 9 at 7 & n.1. The docket also shows that on May 13, 2024, the plaintiff withdrew his demand for a speedy trial. Robertson, Brown County Case No. 2023CF1432. It shows that on August 7, 2024, the state court received the plaintiff's letter and request for a prompt disposition. Id. On October 9, 2024, the plaintiff filed a motion to dismiss all charges, and that motion remains pending. Id. The plaintiff no longer has a trial scheduled; instead, there is a plea/sentencing hearing scheduled for March 21, 2025. Id. All this shows that, while the plaintiff may have decided that he is going to accept a plea offer, he has not pled guilty or been sentenced and he still seeks dismissal of his charges. It is unclear what harm, if any, the plaintiff has suffered from Grabowski's alleged error in processing his paperwork because the plaintiff has not been prohibited from seeking dismissal of his charges instead of entering into a plea agreement.

The plaintiff seeks to hold Stevens responsible for Grabowski's error because Stevens, as warden, is responsible for overseeing incarcerated persons' requests for prompt dispositions in response to an intrastate detainer. But for a defendant to be liable under §1983, the plaintiff must show how that person "personally participated in or caused the unconstitutional actions." Alejo v. Heller, 328 F.3d 930, 936 (7th Cir. 2003) (citing Duncan v. Duckworth, 644 F.2d 653, 655 (7th Cir. 1981)). The plaintiff does not allege that Stevens personally failed or forgot to send his paperwork to the state court; he says Grabowski forgot to send it. Stevens is entitled to rely on his subordinates, like Grabowski,

to do their jobs properly and cannot be held responsible for Grabowski's error merely because he was warden at the time. See Courtney v. Devore, 595 F. App'x 618, 620 (7th Cir. 2014) (citing Burks v. Raemisch, 555 F.3d 592, 595–96 (7th Cir. 2009)). That Grabowski erred on this occasion does not make Stevens constitutionally liable. See Stankowski v. Carr, Case No. 23-2458, 2024 WL 548035, at *2 (7th Cir. Feb. 12, 2024) (citing Horshaw v. Casper, 910 F.3d 1027, 1029–30 (7th Cir. 2018)) ("[S]upervisors cannot be held responsible for the actions of subordinates or for failing to ensure that subordinates carry out their jobs correctly."); Schreiber v. Rowe, Case No. 03-C-0178-C, 2004 WL 906418, at *5 (W.D. Wis. Apr. 23, 2004) (finding that county sheriff's subordinate employees' prior mishandling of interstate detainer was "not actionable against [the sheriff] on a respondeat superior theory under § 1983").

The plaintiff alleges that the defendants' actions violated his right to equal protection of the laws. But the Equal Protection Clause protects against discrimination based on "race . . . ethnicity, sex, religion, or other proscribed factor." Lisle v. Welborn, 933 F.3d 705, 719–20 (7th Cir. 2019) (citing Ortiz v. Werner Enterprises, Inc., 834 F.3d 760 (7th Cir. 2016)). The plaintiff has not identified his race, ethnicity, religion or other protected characteristic or alleged that the defendants discriminated against him on the basis of a protected characteristic. He has not stated an equal protection claim.

The plaintiff also asserts that the defendants' actions somehow affected his "inmate classification." He does not elaborate on what classification was affected or how. But the plaintiff has no constitutional right to a particular

institutional security classification. See Montanye v. Haymes, 427 U.S. 236, 243 (1976); DeTomaso v. McGinnis, 970 F.2d 211, 212 (7th Cir. 1992). He has not stated a claim regarding his classification.

As the court explained in the October 11, 2024 order, the plaintiff cannot seek relief against any defendant related to his still ongoing state court criminal matter. See Dkt. No. 9 at 6–7 (citing Younger v. Harris, 401 U.S. 37 (1971); and Gakuba v. O'Brien, 711 F.3d 751, 753 (7th Cir. 2013)). Even if the plaintiff had stated a viable claim, the court could not provide him his requested relief of an order directing the defendants to file affidavits in his ongoing state court case. Id. If the plaintiff ultimately pleads guilty and is sentenced on his pending charges, any lawsuit for damages challenging the validity of his conviction will be barred unless and until he can show that his conviction has been overturned, invalidated or otherwise set aside. See Wilkinson v. Dotson, 544 U.S. 74, 81–82 (2005); Heck v. Humphrey, 512 U.S. 477, 486–87 (1994).

The amended complaint does not state a claim against either defendant, despite its additional details. The court will dismiss this case for failure to state a claim and will not give the plaintiff a second opportunity to amend his complaint.

## II. Conclusion

The court **ORDERS** that this case is **DISMISSED** under 28 U.S.C. §§1915(e)(2)(B) and 1915A(b)(1) because the amended complaint fails to state a claim.

The court will document that the plaintiff has incurred a "strike" under 28 U.S.C. §1915(g).

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **thirty days** of the entry of judgment. See Federal Rules of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. See Fed. R. App. P. 4(a)(5)(A). If the plaintiff appeals, he will be liable for the $605 appellate filing fee regardless of the outcome of the appeal. If the plaintiff seeks to proceed on appeal without prepaying the appellate filing fee, he must file a motion in *this court*. See Fed. R. App. P. 24(a)(1). The Court of Appeals may assess the plaintiff another "strike" if it concludes that his appeal has no merit. If the plaintiff accumulates three strikes, he will not be able to file a case in federal court (except a petition for *habeas corpus* relief) without prepaying the full filing fee unless he demonstrates that he is in imminent danger of serious physical injury. Id.

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Rule 59(e) must be filed within **twenty-eight days** of the entry of judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2). Any motion under Rule 60(b) must be filed within a reasonable time, generally no more

than one year after the entry of the judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2).

The court expects parties to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 20th day of November, 2024.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER
Chief United States District Judge**